UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO VELA,<br><br>Defendants. | Case No. 1:15-cr-00041-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Alejandro Vela's letter requesting compassionate release. Dkt. 90. The Court construes the letter as a motion for compassionate release under 18 U.S.C. 3582(c)(1)(A). For the reasons that follow the Court will deny the motion.

On December 8, 2015, Vela was sentenced to 188 months incarceration and four years supervised release for distribution of methamphetamine. Vela is currently incarcerated at Allenwood Medium FCI.

Vela seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine

whether a defendant has exhausted his or her administrative remedies. *Id.* The statute provides, in relevant part, that a court

> [...] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[...]

18 U.S.C. § 3582(c)(1)(A).

If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

Vela has not claimed that he has requested compassionate release from the Warden of his facility. Therefore, he has not exhausted his remedies under § 3582(c)(1)(A) and the statute does not permit the Court to consider his motion. The

Court will deny his motion without prejudice. Vela may file a new motion after he requests compassionate release from the Warden of FCI Allenwood.

## ORDER

**IT IS ORDERED** that Alejandro Vela's Motion for Compassionate Release (Dkt. 90) is **DENIED** without prejudice.

DATED: March 18, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3