UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO VELA,<br><br>Defendant. | Case No. 1:15-cr-00041-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Alejandro Vela moves this Court for compassionate release to reduce his 188-month sentence to time served. *See* Dkts. 94, 96.[1] Alternatively, he asks the Court to reduce his sentence to time served and extend his supervised release term. Dkt. 96. The Government opposes the motion. Dkt. 98. For the reasons explained below, the Court will deny the motion.

---

[1] Mr. Vela has filed two motions with the court—one was filed on October 26, 2023, and the other was filed several months later, on May 6, 2024. *See* Dkts. 94, 96. The motions are largely duplicative of each other, although the filing at Dkt. 96 contains additional materials in the exhibits. The Court reviewed all these materials in resolving Mr. Vela's request for compassionate release.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In 2015, Mr. Vela pleaded guilty to one count of Distribution of Methamphetamine in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(B). Dkt. 83. He was sentenced to 188 months of imprisonment, followed by 4 years of supervised release. *Id.* The Court ordered this sentence to run concurrently with his state sentences. *Id.* Mr. Vela currently is incarcerated at Edgefield FCI, administered by the Federal Bureau of Prisons (BOP). His projected release date is April 8, 2029. Dkt. 98 at 3.

## LEGAL STANDARD

Mr. Vela seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides a narrow exception to the general rule that courts cannot modify sentences of imprisonment. The analysis for compassionate release is threefold. First, as a threshold matter, a defendant must show he has exhausted all administrative remedies. *Id*. Second, the defendant bears the burden of showing that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998).Third, the sentencing factors set forth in 18 U.S.C. § 3553(a) must weigh in favor of early release. *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021).

# ANALYSIS

## A. The Exhaustion Requirement

Mr. Vela has exhausted his administrative remedies as required under 18 U.S.C. 3582(c)(1)(A). *See* Dkt. 96 at 6; Dkt. 96-2 at 109. Accordingly, the Court will proceed to the merits.

## B. Extraordinary and Compelling Reasons

Mr. Vela claims that (1) his medical conditions, (2) his family circumstances, (3) the harsh conditions of confinement during the COVID-19 pandemic, and (4) his post-sentence rehabilitation constitute grounds for compassionate release. Dkt. 96 at 11. The Court will address each argument in turn.

### 1. Medical Conditions

In July 2009, Mr. Vela was involved in a traffic accident that severed his spinal cord and left him partially paralyzed and in a wheelchair for the rest of his life. This condition did not stop him from drug dealing. The current crimes were committed while he was confined to a wheelchair, six years after his accident. Mr. Vela, who is now about 42 years old, states that his condition has worsened, but the medical records reflect that, instead, he has had various unrelated medical issues while incarcerated.

In 2021, he sustained a hip fracture when he fell while attempting to move

from his bed to his wheelchair. He received care and surgery at a community hospital. Dkt. 96-2 at 55. The surgery was completed without complications. *Id.* at 56. He denied any mobility problems at a later medical exam in 2022. *Id.* at 69. The doctor described him as "overall very healthy." *Id*. at 59.

In May 2022, Mr. Vela suffered from gastrointestinal bleeding. *Id.* at 68. He received treatment from a local hospital and a colonoscopy was performed. *Id.* at 102-03. The diagnosis was hemorrhoids. *Id*. at 104.

The doctor recommended a high fiber diet, continued medications, and a follow-up appointment to manage his hemorrhoids. *Id.* at 104. Nothing in the record shows that this medical condition has continued to be a serious and unmanageable problem during incarceration in the subsequent three years to date.

Mr. Vela's one-time accidental fall and a serious bout of hemorrhoids do not show that his paralysis condition is deteriorating. He is not seriously functionally impaired or cognitively impaired. He is overall healthy. The medical records reflect that he is receiving constitutionally-adequate medical care in prison, and he does not suffer from a serious medical condition that requires specialized care that is being withheld.

Based on the record before it, the Court finds that Mr. Vela does not suffer from a serious medical or physical condition that diminishes his ability to provide self-care. *See* USSG § 1B1.13. Chronic but manageable medical conditions alone

do not constitute extraordinary and compelling circumstances. *Alberg*, 2023 WL 7164563, at *2. For all these reasons, Mr. Vela's medical condition does not warrant "an extraordinary and compelling reason." *See United States v. Alberg*, No. 1:18-CR-00342-BLW, 2023 WL 7164563 *2 (D. Idaho Oct. 30, 2023) (same); *United States v. Rodriguez*, 424 F. Supp. 3d 674, 682 (N.D. Cal. 2019) (collecting cases holding the same).

### 2. Family Circumstances

Another way to meet the extraordinary circumstances factor is to show "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). Mr. Vela's minor children are currently in the legal custody of family member, Mrs. Rosa Razo Chavez, because the children's mother was convicted of selling drugs and deported—as a result of Mr. Vela involving her in his drug crimes. Nothing shows that Mrs. Chavez, the children's current caregiver, is incapacitated. The Court notes that Mr. Vela's long criminal history, dangerous drug dealing habits, and failing to consider what would happen if he involved the children's mother in his drug dealing do not show that his children would be better off if he were released from prison to take custody of them.

In any event, the legal standard is whether the children's present caretaker is incapacitated. Mr. Vela has not shown that Mrs. Chavez, or another family member such as his sister, Mrs. Castillo, whom he plans to live with upon release,

cannot adequately care for Mr. Vela's children. Therefore, Mr. Vela's family circumstances do not constitute an extraordinary and compelling circumstance at this time.

### 3. Harsh Conditions of Confinement during the COVID-19 Pandemic

Similarly, the harsh conditions of confinement Mr. Vela says he endured during the COVID-19 pandemic do not amount to an extraordinary and compelling reason at this time, when vaccines are available for COVID-19, and it is no longer a pandemic. In addition, these conditions are not unique to Mr. Vela. Finding these conditions to support an extraordinary or compelling circumstance would entitle every prisoner who was incarcerated during the pandemic to a sentence reduction. *United States v. Ramirez*, 571 F. Supp. 3d 40, 47 (S.D.N.Y. 2021). The harsh conditions apply to all prisoners and alone do not warrant special treatment. *United States v. Hernandez*, No. 5:13-CR-00200, 2022 WL 910091, at*6 (E.D. Pa. Mar. 29, 2022). Mr. Vela fails to show he was uniquely impacted by the harsh conditions of confinement during COVID-19 and that any continuing impact meets the factors for compassionate release. *Id.*: *United States v. Gonzalez*, No. CR 02-446-01, 2021 WL 1088258, at *4 (E.D. Pa. Mar. 22, 2021) (concluding a defendant must show unique impact for harsh conditions to contribute to an extraordinary and compelling circumstance). Therefore, the Court finds that harsh conditions do not currently exist and the past COVID-19 pandemic does not

constitute an extraordinary and compelling circumstance in this case.

### 4. Post-Sentence Rehabilitation

Finally, Mr. Vela points to his post-sentencing rehabilitation. He acknowledges that rehabilitation alone is not an "extraordinary and compelling reason," but he asks the Court to consider this conduct together with his other arguments. Dkt. 96 at 10. It is commendable that Mr. Vela has completed numerous post-sentencing courses and programs. *See* Dkt. 96 at 16; Dkt. 96-2 at 113-17. Even so, Mr. Vela's post-sentencing conduct, considered together with his other arguments, does not constitute an extraordinary and compelling circumstance. *See, e.g.*, *United States v. Smith*, No. 1:11-CR-00027-BLW-2, 2022 WL 4585894 *4 (D. Idaho Sept. 29, 2022); *United States v. Reyes-Yanez*, No. 16CR1283-MMA-3, 2024 WL 4573751, at *3 (S.D. Cal. Oct. 24, 2024).

### C. The § 3553(a) Factors

Mr. Vela must also show that the 18 U.S.C § 3553(a) factors weigh in favor of compassionate release, including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the

>defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court reviews each factor.

As to criminal history, the Court finds that Mr. Vela received career offender status at sentencing in 2015, after participating in methamphetamine distribution for over a year. Mr. Vela involved his wife in his criminal behavior causing her to be convicted and deported. He has three previous drug-related offenses involving manufacturing, delivery, and conspiracy to traffic methamphetamine. Mr. Vela also has been convicted of felony assault, unlawful possession of weapons, and a DUI. Mr. Vela's criminal history alone weighs heavily against a sentence reduction.

As to a "just punishment," at sentencing, the Court determined that a 188-month sentence adequately reflected the seriousness of the offense, promoted respect for law, and provided just punishment. Petitioner's paraplegia was considered at sentencing, and the Court denied a downward departure and imposed a sentence within the guidelines. The sentence was appropriate at the time and remains so today.

As to deterrence and the need to protect the public, the Court finds that Mr. Vela's most recent offense occurred while he was paraplegic. Therefore, his spinal cord injury provides no evidence of being a deterrent. Nor does his injury aid in

MEMORANDUM DECISION AND ORDER - 8

protecting the public from future crime.

As to the remaining factor, the Court finds that Mr. Vela can continue to participate in rehabilitative classes and activities in prison. Given Mr. Vela's history, his past disregard for consequences to his wife and children during his commission of crimes, and the need for punishment and deterrence, the Court finds that Mr. Vela's rehabilitation needs are better met in prison.

### D. Conclusion

Mr. Vela has not presented an extraordinary and compelling reason to justify early release. In addition, the § 3553(a) factors do not weigh in favor of early release. Accordingly, the Court will deny Mr. Vela's motion for compassionate release.

### ORDER

**IT IS ORDERED** that Defendant Alejandro Vela's Motions for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkts. 96, 98) are **DENIED**.

DATED: August 2, 2025

B. Lynn Winmill
U.S. District Court Judge